In re KENT COMMUNITY ACTION PROGRAM, INC., Debtor.

Bankruptcy No. NG 83–02941.

United States Bankruptcy Court, W.D. Michigan.

July 24, 1984.

corporate case; it filed no claim in Tuggle's individual case.

## OPINION

### RELIEF FROM STAY—TITLE—ADVERSARY PROCEEDINGS

DAVID E. NIMS, Jr., Bankruptcy Judge.

Grand Rapids Area Employment and Training Council II (GRAETC II) and Grand Rapids Area Employment and Training Council (GRAETC) filed a motion for relief from stay pursuant to 11 United States Code Section 362.

GRAETC II is an entity formed by agreement between the City of Grand Rapids, and Kent County, both in Michigan, on November 29, 1983, under the Urban Cooperative Act of 1967, Mich.Comp.Laws § 124.501 et seq. (Mich.Stat.Ann. § 5.4088(1) et seq. (Callaghan 1982)), for the purpose of receiving grants under the Job Training Partnership Act, Pub.L. 97–300, October 13, 1982, 29 U.S.C. § 1501 et seq. (JTPA). GRAETC was an entity formed by agreement between the City of Grand Rapids and the counties of Kent, Allegan, Ionia, Montcalm and Gratiot, all in Michigan, on July 1, 1978, also under the Urban Cooperative Act of 1967, *supra*, for the purpose of receiving grants under the Comprehensive Employment and Training Act of 1973, Pub.L. 93–203, Dec. 28, 1973, 29 U.S.C. § 801 et seq. (C.E.T.A.). This Act was appealed October 13, 1982. Pub.L. 97–300 and GRAETC has since been dissolved. GRAETC was the successor of a previous entity also formed under the Urban Cooperative Act of 1967 by agreement between the City of Grand Rapids, and all of the counties which had joined in the agreement to form GRAETC except for Gratiot county which did not join GRAETC until October 1, 1979. This predecessor of GRAETC was called the Grand Rapids Area Manpower Planning Council (GRAMPC). The debtor, Kent Community Action Program, Inc. (Kent-CAP), is a non-profit corporation, incorporated in 1970 to carry out various federal and state programs for underprivileged persons. Kent-CAP entered into agreements with GRAMPC and GRAETC whereby it became a subgrantee to carry out the C.E.T.A. programs. Subsequently, Kent-CAP entered into an agreement with GRAETC II to carry out the J.T.P.A. program. Certain property was purchased by GRAMPC, GRAETC and Kent-CAP with C.E.T.A. funds. The part of the property so purchased by GRAMPC and GRAETC was turned over to Kent-CAP to enable it to carry out its conducting of the C.E.T.A. program. Also property was purchased by GRAETC II and Kent-CAP out of J.T.P.A. funds. Property so purchased by GRAETC II was turned over to Kent-CAP to enable it to carry out its conducting of the J.T.P.A. program. Before GRAETC II was formed, Kent-CAP filed a voluntary petition with this court for reorganization under Chapter 11 of Title 11 of the United States Code on November 22, 1983. It continued to operate as a debtor-in-possession until it was converted to a case under Chapter 7 of Title 11 on March 12, 1984. At that time, Gordon F. Forell was appointed trustee.

The issue before the court in this proceedings is, Who is entitled to the property in the possession of the trustee that was purchased with C.E.T.A. or J.T.P.A. funds?

When the final hearing on the motion for relief from stay first came before the court, it noted that there was no basis for the relief prayed for. The determination of title or the right of possession of property is an important part in the administration of the estate and this responsibility should not be transferred to another court unless a good reason exists. No reason is raised by petitioners. Their brief only raises the issue of title or the right to possession of property in the custody of the trustee. This would require an adversary proceeding. Bankr.R. 7001(1), (2). However, having in mind the important purpose of J.T.P.A. and the necessity of timely action, I took the matter under advisement and requested a stipulation of facts and briefs. Because of the expedited procedure set for relief from stay proceedings this motion must be disposed of forthwith or the relief from stay will be automatic.

The purpose of the J.T.P.A. is stated in 29 U.S.C. § 1501 as follows:

"It is the purpose of this Chapter to establish programs to prepare youth and unskilled adults for entry into the labor force and to afford job training to those economically disadvantaged individuals and other individuals facing serious barriers to employment, who are in special need of such training to obtain productive employment."

In order for J.T.P.A. to meet its purpose, the act provided in 29 U.S.C. § 1591:

"Notwithstanding any other provision of law, any real or nonexpendable personal property, which was acquired on or before September 30, 1983, by prime sponsors (including by their contractors or subrecipients) with funds under the Comprehensive Employment and Training Act or under this chapter, and with respect to which the Secretary reserved the right to take title, shall be transferred, as of October 1, 1983, from such prime sponsors to the custody of the entity which is administering programs under subchapter II of this chapter in the geographic area in which such property is located. Such transfer shall be subject to the Secretary's rights in such property, which shall continue unchanged."

On September 30, 1983, Kent-CAP was the entity which was administering the program within its area. 41 CFR § 29–70.101 (1983) states that the requirements of part 29.70 apply to subgrants and subagreements. 41 CFR 29–70.215–4 provides that only when statutory authority is given and the grant officer determines that to do so would be in furtherance of Department of Labor objections, will title rest in the recipient, subject to certain restrictions. I have been unable to find such authority. The only reference in the CFR is to 41 U.S.C. § 501 et seq. (§ 7(b)) which was repealed in 1982. Neither is there any claim that the grant officer ordered that title be transferred.

It is my belief that title is still in the Department of Labor. It will be noted that 29 U.S.C. § 1591(g) while titled "transfer of title" only provides for transfer of custody. Thus, Kent-CAP was entitled to custody when it filed but would not hold title or be entitled to custody at this time unless so determined by the Department of Labor. Neither am I satisfied that GRAETC II is entitled to custody at this time. However, GRAETC II may file an adversary proceeding for this purpose but I would suggest that, in addition to the trustee, the Secretary of Labor and any other entities that are now administering the C.E.T.A. and J.T.P.A. programs in the areas previously served by Kent-CAP should be added.

However, immediate action must be taken to assure that the purposes of J.T.P.A. be carried out. For that purpose, there shall be filed with the court, with a copy to the trustee, an affidavit executed by the highest officer of GRAETC II that it is carrying out all of the C.E.T.A. and J.T.P.A. programs for the City of Grand Rapids and the counties covered by GRAETC II and if not the total program, the names of the entities that are also carrying out such programs, and those items of property which are necessary to carrying out such programs. On receipt of such affidavit, trustee shall either file a counter affidavit at once or release the property listed to GRAETC II and report his action to the Department of Labor. Property so released to the custody of GRAETC II shall continue to be held by it until further order of this court and subject to the regulations of the Department of Labor.